RECEIVED

MAR 04 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES M SMITH, JR. AND ANGELIQUE SMITH, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, GRANT SMITH | CIVIL ACTION NO. 08-1554 |
| VERSUS | JUDGE HAIK |
| RONNIE STELLY, MICHAEL DUNN, ERIC HOLLIER, MICHAEL COUVILLION, PATRICK HARDY, BETSY LEONARD AND MICHAEL NEUSTROM | MAGISTRATE JUDGE METHVIN |

## *RULE 7(a) HEIGHTENED PLEADING REVIEW*

In this §1983 civil rights suit, plaintiffs sued defendants individually and in their official capacities as follows: Ronnie Stelly, Michael Dunn, Eric Hollier, deputies of the Vermilion Parish Sheriff's Office; Michael Couvillion, Sheriff of Vermilion Parish; Patrick Hardy, police officer of the Village of Maurice; Betsy Leonard, deputy of the Lafayette Parish Sheriff's Office; and, Michael W. Neustrom, Sheriff of Lafayette Parish. The defendants pled qualified immunity in their answer. The undersigned has therefore conducted an evaluation of plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff James Smith alleges through a highly detailed narrative over nine pages long the facts and circumstances leading up to his arrest for false swearing in violation of La. R.S. 14:126.1, which he alleges was made due to false communications by deputy sheriffs, and was executed with excessive and unnecessary force.

Angelique Smith also specifically recounts in the Complaint the actions and conversations of the defendants that form the basis of her claims against the defendants, and details her and their minor child's damages.

Therefore, the undersigned concludes that plaintiffs have "supported [their] claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiffs have sufficiently pled factual information supporting their allegations that defendants Stelly and Dunn used excessive force and unnecessary violence in the course of their arrest of defendant and that Leonard, Hollier, and Hardy supplied Stelly with erroneous information that contributed to Stelly's decision to arrest and use unnecessary force and violence against Mr. Smith during the arrest. Although the court may later determine the facts in favor of the defendant, the sole issue presented here is whether plaintiffs have satisfied the heightened pleading requirement of

Shultea, which the undersigned concludes they have. Thus, no order limiting discovery under Schultea is appropriate.[1]

Signed at Lafayette, Louisiana on ~~February 27, 2009~~ March 3, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155

---

[1] The Fifth Circuit in Schultea stated:

The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.